IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CEQURE COMPOSITE
TECHNOLOGIES, LLC,

       Plaintiff,

v.                                   Case No. 2:11-cv-175
                                           Judge Sargus
                                           Magistrate Judge King


FASTECH, INC., *et al.*,

       Defendants.


<u>**OPINION AND ORDER**</u>

       The complaint in this action asserts a single claim of breach of a purchase agreement in connection with the alleged failure of defendant FasTech, Inc. ["FasTech"] to deliver certain assets reflected in Paragraph 1.1 of the parties' purchase agreement. *Complaint*, Doc. No. 1, ¶¶ 16-17. The original answer denies liability. *Answer*, Doc. No. 26. This matter is now before the Court on the motion of FasTech for leave to file an amended answer with affirmative defenses and counterclaims seeking declaratory relief and rescission or reformation of the purchase agreement. *Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaim*, Doc. No. 47. Plaintiff opposes the motion. *Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaim*, Doc. No. 54 ["*Memorandum Contra*"].

       Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial

of a request to amend a pleading is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, a trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, _ U.S. _, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.*

The proposed defenses are based on alleged mistake and fraudulent inducement; the proposed counterclaims seek rescission or reformation of the purchase agreement. Plaintiff opposes the motion, taking the position that the proposed defenses and counterclaims could not survive a motion to dismiss:

> [T]hese new affirmative defenses and
> counterclaims are futile as a matter of law
> because [FasTech] has not – and cannot – plead
> that they are excused from performance by being
> "mistaken" about its own inventory. To the

2

extent that [FasTech] claims that it relied on
alleged representations by [plaintiff's sole
member and its manager, FasTech] does not, and
cannot, establish justifiable reliance.

*Memorandum Contra*, p. 2. In support of its argument, plaintiff refers

to information gathered during the course of discovery, including

exhibits and deposition testimony. *See, e.g., id.*, at 4 n. 2, n. 3.

Plaintiff also suggests "that a trier of fact is not likely to credit"

the allegations contained in the proposed amended pleading. *Id.*, at 5

n.4.

This Court concludes that the proposed defenses and

counterclaims are sufficiently plead.  Whether or not FasTech can

eventually prevail on those defenses and counterclaims is not, of

course, before the Court at this juncture.

**WHEREUPON,** the *Motion for Leave to File Amended Answer and

Affirmative Defenses and Counterclaim*, Doc. No. 47, is **GRANTED**.

The Clerk is **DIRECTED** to file the *Amended Answer and

Counterclaims,* which is attached to the motion.


    *s/ Norah McCann King*
    Norah McCann King
    United States Magistrate Judge

May 25, 2012